# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Maurice Talley,

    Plaintiff

v.

Benjamin Estill,

    Defendant

Case No.: 2:22-cv-01381-JAD-EJY

**Order Screening Complaint**

[ECF No. 1-1]

Plaintiff Maurice Talley brings this civil-rights action under 42 U.S.C. § 1983, claiming that his First and Eighth Amendment rights were violated when a correctional officer denied him two religious meals on a single day because his cell door's window and cell's lights were covered. Because Talley applies to proceed *in forma pauperis*,[1] I screen his complaint under 28 U.S.C. § 1915A. I find that Talley has not pled any colorable claims for relief, so I dismiss his claims without prejudice and with leave to amend by April 1, 2023.

**I.    Screening standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[2] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, or that fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.[3] All or part of the complaint

---

[1] ECF No. 7.
[2] *See* 28 U.S.C. § 1915A(a).
[3] *See id.* at § 1915A(b)(1)(2).

may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or fact. This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[4]

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[5] In making this determination, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff.[6] Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers,[7] but a plaintiff must provide more than mere labels and conclusions.[8] "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[9] "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[10]

## II.  Screening Talley's complaint

Talley sues Correctional Officer Benjamin Estill for events that allegedly took place while he was incarcerated at High Desert State Prison. Talley brings one claim and seeks monetary damages.

---

[4] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[5] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

[6] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[7] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

[8] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[10] *Id*.

Talley alleges[11] that he woke at 6:30 a.m. on August 17, 2021, to his cellmate asking Estill why they were not being served breakfast and lunch meals. Estill responded that Talley and his cellmate were not being served because their cell door's window and cell's lights were partially covered, which Estill interpreted as "a refusal to eat." Estill didn't ask Talley or his cellmate if they wanted to eat, didn't tell them to correct the "supposed housing violations[,]" and didn't provide the meals after Talley "complied with housing rules and uncovered the light." Estill's conduct violated HDSP's regulations: he should have brought disciplinary charges against Talley and his cellmate but still fed them.[12]

Talley was served dinner on August 16 and 17, 2021. Estill's refusal to provide Talley breakfast and lunch on August 17 meant that he was without food for 24 hours and caused him "extreme" and "severe" hunger. Talley states that the missed meals were "religious" ones.[13] I liberally construe the complaint as alleging claims based on three different theories of liability: (1) food deprivation in violation of the Eighth Amendment, (2) substantial burden of practice of religion in violation of the First Amendment's Free Exercise Clause, and (3) substantial burden of religious exercise in violation of the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA).

### A. First Amendment Free Exercise and RLUIPA claims

The First Amendment to the United States Constitution provides that "Congress shall make no law respecting the establishment of religion, or prohibiting the free exercise thereof[.]"[14] The Supreme Court has held that inmates retain the protections afforded by the

---

[11] These facts are merely a summary of those in the complaint; none are factual findings.
[12] ECF No. 1-1 at 3.
[13] *Id.* at 2–3.
[14] U.S. Const. amend. I.

First Amendment, "including its directive that no law shall prohibit the free exercise of religion."[15]  The Supreme Court has also recognized that an inmate's "limitations on the free exercise of constitutional rights arise both from the fact of incarceration and from valid penological objectives—including deterrence of crime, rehabilitation of prisoners, and institutional security."[16]  "A person asserting a free exercise claim must show that the governmental action in question substantially burdens the person's practice of [his] religion."[17]  "A substantial burden . . . place[s] more than an inconvenience on religious exercise; it must have a tendency to coerce the individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs."[18]  Even if a belief is substantially burdened, a prison regulation is "valid if it is reasonably related to legitimate penological interests."[19]

      Claims brought under the RLUIPA are like free-exercise claims, although RLUIPA proceeds under a slightly different framework.  RLUIPA prohibits the government imposing "a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest."[20]  RLUIPA claims are subject to strict-

---

[15] *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987).
[16] *Id.*
[17] *Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015).
[18] *Id.* at 1031–32 (quotations omitted).
[19] *Turner v. Safley*, 482 U.S. 78, 89 (1987).
[20] 42 U.S.C. § 2000cc-1(a)(1)–(2).

scrutiny standard.[21]  And a plaintiff has the initial burden of proving that the prison's actions implicated the plaintiff's religious exercise and that the prison's actions substantially burdened his exercise of religion.[22]

RLUIPA broadly defines "religious exercise" as "any exercise of religion, whether or not compelled by, or central to, a system of religious belief."[23]  "RLUIPA [must] be construed broadly in favor of protecting an inmate's right to exercise his religious beliefs."[24]  RLIUPA's substantial-burden inquiry asks whether the government substantially burdened religious exercise, not whether the RLUIPA claimant is able to engage in other forms of religious exercise.[25]  A substantial burden on religious exercise must imposed a "significantly great restriction" on the exercise.[26]

Talley alleges that Estill deprived him of two "religious" meals on a single day.  To the extent Talley seeks to bring a claim under the First Amendment's Free Exercise Clause or RLUIPA, I find that the allegations are not enough to bring a colorable claim under either theory of liability.  For example, Talley pleads no facts about his religious beliefs or religious exercises, let alone facts reasonably suggesting that being denied two meals on a single day substantially burdened his religious beliefs or exercises.  But it does not yet appear that Talley cannot state

---

[21] *Int'l Church of Foursquare Gospel v. City of San Leandro*, 673 F.3d 1059, 1066 (9th Cir. 2011).
[22] *Holt v. Hobbs*, 574 U.S. 352, 360–61 (2015).
[23] 42 U.S.C. § 2000cc-5(7)(A).
[24] *Warsoldier v. Woodford*, 418 F.3d 989, 995 (9th Cir. 2005) (citing 42 U.S.C.A. § 2000cc-3(g)).
[25] *Holt*, 574 U.S. at 361–62.
[26] *San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004).

any set of facts upon which relief could be granted.  So I dismiss his First Amendment Free Exercise and RLUIPA claims without prejudice and with leave to amend.

### B. Eighth Amendment food-deprivation claim

Generally, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety.[27]  To challenge the sufficiency of those conditions under the Eighth Amendment, a plaintiff must meet a two-part test that has an objective prong and a subjective prong.[28]  The objective prong requires a showing that the deprivation was sufficiently "extreme" to form the basis for an Eighth Amendment violation by examining the conditions of confinement and the length of the prisoner's confinement.[29]  And the subjective prong of the Eighth Amendment analysis requires prisoners to establish prison officials' "deliberate indifference" to the unconstitutional conditions of confinement, showing that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety."[30]  Mere negligence is insufficient to show a violation of the Eighth Amendment.[31]

"Adequate food is a basic human need protected by the Eighth Amendment."[32]  But the Eighth Amendment "'requires only that prisoners receive food that is adequate to maintain

---

[27] *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).
[28] *Id.*
[29] *Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *Johnson*, 217 F.3d at 731.
[30] *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).
[31] *Id.* at 835–36.
[32] *Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996), *opinion amended on denial of rehearing by* 135 F.3d 1318 (9th Cir. 1998).

health.'"[33]  However, "[t]he sustained deprivation of food can be cruel and unusual punishment when it results in pain without any penological purpose."[34]  And the "denial of food can constitute an unjustified and unnecessary punitive response to a rules violation."[35]

Talley alleges that Estill deprived him of two meals on a single day without a legitimate penological purpose.  The Ninth Circuit held in *Foster v. Runnels* that depriving an inmate of 16 meals over 23 days was "a sufficiently serious deprivation[,]" but noted that allegations that an inmate was deprived of two meals on two days spread three months apart were about "relatively isolated occurrences [and] do not appear to rise to the level of a constitutional violation."[36]  Even coupled with the bald statement that the missed meals caused Talley to experience "extreme" and "severe" hunger, Talley's allegations are more like the isolated occurrences in *Foster* that the Ninth Circuit noted did not appear to rise to the level of a constitutional violation.  I find that the allegations are not enough to colorably state that Talley experienced a sufficiently extreme deprivation for the Eighth Amendment's purposes.  But it does not yet appear that Talley cannot state any set of facts upon which relief could be granted.  So I dismiss his Eighth Amendment food-deprivation claim without prejudice and with leave to amend.

## III. What leave to amend means for Talley

Because it appears that Talley might be able to cure the deficiencies of his First Amendment, RLUIPA, and Eighth Amendment claims, I grant him permission (aka "leave") to amend to attempt to replead those claims.  This means that Talley has leave to plead true facts to

---

[33] *Foster v. Runnels*, 554 F.3d 807, 813 n.2 (9th Cir. 2009) (quoting *LeMarie v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993)).

[34] *Id.* at 814.

[35] *Id.* (explaining defendant failed to demonstrate how requiring an inmate to remove the paper from the rear window of his cell is a reasonable condition on his receiving food).

[36] *Id.* at 812–13 & n.1.

show that being deprived of two meals on a single day was a sufficiently extreme deprivation for the Eighth Amendment's purposes or substantially burdened the practice of his religion or a religious exercise.  For example, Talley has leave to plead true facts about whether the dinners he received on August 16 and 17, 2021, were not adequate to maintain his health, whether he suffered any physical effect from missing two meals, what his religious beliefs and exercises are, and how or why the loss of two meals substantially burdened his religious beliefs or exercises.

If Talley chooses to file an amended complaint, he is advised that an amended complaint replaces the original complaint, so the amended complaint must be complete in itself.[37]  He must file the amended complaint on this court's approved prisoner-civil-rights form, and it must be entitled "First Amended Complaint."  Talley must follow the instructions on the form.  He need not and should not allege very many facts in the "nature of the case" section of the form.  Rather, in each count, he should allege <u>facts</u> sufficient to show what <u>each</u> defendant did to violate his civil rights.  **And he must file the amended complaint by April 1, 2023.**

### IV.   Conclusion

IT IS THEREFORE ORDERED that a decision on the application to proceed *in forma pauperis* (ECF No. 7) is deferred.

IT IS FURTHER ORDERED that the First Amendment Free Exercise, RLUIPA, and Eighth Amendment claims are dismissed without prejudice and with leave to amend by April 1, 2023.

---

[37] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

IT IS FURTHER ORDERED that **the Clerk of the Court is directed to FILE the complaint (ECF No. 1-1) and SEND** plaintiff the approved form for filing a § 1983 prisoner complaint, instructions for the same, and a copy of his original complaint (ECF No. 1-1). **If plaintiff chooses to file an amended complaint, he must use the approved form and write the words "First Amended" above the words "Civil Rights Complaint" or check the box for those words in the caption.** The amended complaint will be screened in a separate screening order, and **the screening process will take <u>many months</u>. If plaintiff does not file an amended complaint by April 1, 2023, this action will be dismissed in its entirety without prejudice for failure to state a claim, and the case will be closed.**

Dated: March 2, 2023

_____
U.S. District Judge